[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17044
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00061-CR-3-LAC

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

JAMEL SHIELDS,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 30, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jamel Shields appeals his 168-month sentence for conspiracy to possess and

distribute 500 or more grams of cocaine and five grams or more of cocaine base. He contends that his sentence is substantively unreasonable.

We review the reasonableness of the district court's sentencing determination only for an abuse of discretion. See Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The district court need not state that it has explicitly considered each factor and need not discuss each factor. Id. at 786. Instead, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." Id. "In this Circuit, we presume that a sentence within the guidelines range is reasonable, but the presumption may be rebutted by the circumstances of a particular case viewed in light of the § 3553(a) factors." United States v. Sarras, No. 08-11757, slip op. at 57 (11th Cir. June 16, 2009).

Shields was sentenced to 168 months imprisonment, the low-end of his guidelines range of 168–210 months. He argues that the district court's sentence was substantively unreasonable because it over-represented his criminal history and failed to take into account the disparity in the sentencing guidelines between

crack and powder cocaine offenses. Those arguments fail. The district court stated that it had considered all of the § 3553(a) factors and it did not treat the guidelines as mandatory. The district court concluded that a sentence at the low-end of the guidelines range was "reasonable and necessary in [Shields'] case." It noted that the sentence "meets the goals of punishment and, hopefully, would deter anyone else who might consider similar criminal conduct" but that, given the mitigating circumstances that Shields raised at the sentencing hearing, "a greater sentence is not required." Additionally, Shields' argument that the district court found that "it was unable to consider the disparity between guideline sentences for crack versus powder cocaine" is simply untrue. There is nothing in the record to support that argument. Under Kimbrough v. United States, 552 U.S. 85, ___, 128 S. Ct. 558, 564 (2007), the district court may consider the sentencing disparity between crack and powder cocaine, but it is not required to. Here it did not. That decision is within the district court's discretion.

Shields was significantly involved in a major drug distribution scheme. The record reflects that the district court considered the § 3553 factors in light of the facts of Shields' case. Shields has not rebutted our presumption that the district court's within-guidelines sentence is reasonable.

**AFFIRMED.**

3